IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

———————————————————————————————————————————

HICKORY FOREST APARTMENTS,      )
                                )
        Plaintiff,              )
                                )
v.                              )   No. 19-2063-TLP-tmp
                                )
DARRIUS BALDWIN,                )
                                )
        Defendant.              )

———————————————————————————————————————————

### REPORT AND RECOMMENDATION

———————————————————————————————————————————

Before the court is the January 28, 2019 Notice of Removal, filed by *pro se* defendant Darrius Baldwin.[1]  (ECF No. 1.) Attached to the Notice of Removal, Baldwin included a Notice of Filing Notice of Removal to Federal Court, a blank Answer form from the County Court for Shelby County, Tennessee, and a Forcible Entry and Detainer Warrant issued in the Shelby County Court of General Sessions.  (ECF Nos. 1-1; 1-2; 1-3.)  Baldwin also filed a motion to proceed *in forma pauperis*, which the court granted on January 28, 2019.  (ECF Nos. 2 & 8.)  Plaintiff Hickory Forest Apartments filed a Motion for Immediate Remand on January 28, 2019.  (ECF No. 7.)  For the following reasons, the

———————————————————————

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

undersigned recommends that this action be dismissed *sua sponte* for lack of subject matter jurisdiction and remanded to the Shelby County Court of General Sessions. Hickory Forest Apartments' motion for remand should be denied as moot.

## I.    PROPOSED FINDINGS OF FACT

According to the Notice of Removal, Baldwin is the defendant in a Detainer Warrant action brought by Hickory Forest Apartments in the Shelby County Court of General Sessions, concerning real property located at 5925 South Little Brook Street, Memphis, TN 38115. (ECF No. 1.) Baldwin alleges that the Detainer Warrant "intentionally fails to allege compliance with the Civil Rights Act of 1968." (ECF No. 1 at 2.) Baldwin further alleges that "Plaintiff is Caucasian and Defendant is African-American. Defendant feels he is being discriminated against based on what and how certain statements were made[,]" and that he is a member of a "protected class of whom the statute, [sic] the 'Civil Rights Act of 1968' was created." (ECF No. 1 at 3.) As best as the court can tell, Baldwin seems to allege that issuance of the Detainer Warrant constitutes unlawful discrimination in violation of the Civil Rights Act of 1968 ("Fair Housing Act"), 42 U.S.C. §§ 3601-3619, and that removal to federal court is appropriate based on federal question jurisdiction.

- 2 -

# I. PROPOSED CONCLUSIONS OF LAW

## A.    Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth.  Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally

construed.  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading.  See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

B.  **Subject Matter Jurisdiction**

At any time and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction. See Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). If the court finds that subject matter jurisdiction is lacking, then it must dismiss the complaint.  Fed. R. Civ. P. 12(h)(3). "[T]he removing defendant bears the burden of establishing federal court jurisdiction." Roberts v. Mars Petcare US, Inc., 874 U.S. 953, 955 (6th Cir. 2017); see also Wells Fargo Del. Trust Co., N.A. v. Lee, No. 13-2708-SHM-dkv, 2013 WL 6909961, at *3 (W.D. Tenn. Nov. 5, 2013), report and recommendation adopted as modified 2014 WL 28837 (W.D. Tenn. Jan. 2, 2014).

- 4 -

1.   <u>Diversity Jurisdiction</u>

A civil action may be removed to federal court when the parties are citizens of different states and the amount in controversy exceeds $75,000.00. <u>See</u> 28 U.S.C. § 1441(b); 28 U.S.C. § 1332. There is no indication that complete diversity of the parties exists. The citizenship of Hickory Forest Apartments has not been pled, and it appears that Baldwin is a citizen of Tennessee who was sued in Tennessee state court. <u>See</u> 28 U.S.C. 1441(b)(2). Nor is the amount in controversy addressed. Accordingly, diversity jurisdiction is lacking, and removal on this ground is not appropriate.

2.   <u>Federal-Question Jurisdiction</u>

"'Absent diversity of citizenship, federal-question jurisdiction is required.'" <u>Kitzmann v. Local 6-19M Graphic Comms. Conf. of Intern. Brothers of Teamsters</u>, 415 F. App'x 714, 716 (6th Cir. 2011) (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987)); <u>see also</u> 28 U.S.C. § 1441(a). "[W]hether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." <u>Kitzmann</u>, 415 F. App'x at 716.

No federal question is apparent from the face of the complaint. Baldwin, the removing defendant, attached the

Detainer Warrant to his Notice of Removal. The Detainer Warrant concerns an action in Tennessee state court and does not reference any federal law, and there is no indication that Hickory Forest Apartments could have sought a similar detainer warrant in federal court. Baldwin's Notice of Removal does not explain the basis for removal other than (as best as the court can tell) attempting to assert that the Detainer Warrant is based on discrimination in violation of the Fair Housing Act. Even construed liberally, such allegations are insufficient to satisfy defendant's burden. See Roberts, 874 U.S. at 955; see also 28 U.S.C. § 1446(a) (requiring that a notice of removal include a "short and plain statement of the grounds for removal"). To the extent that Baldwin is attempting to assert a claim under the Fair Housing Act, "the law is clear that federal-question jurisdiction over a removed action cannot be based on a counterclaim." Lee, 2013 WL 6909961, at *3; see also Vaden v. Discover Bank, 556 U.S. 49, 62 (2009) ("counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance"); Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831–32 (2002) (stating that a counterclaim cannot service as a basis for a district court's jurisdiction under 28 U.S.C. § 1331). Thus, Baldwin's Notice of Removal does not establish federal-

question jurisdiction.

    3.    <u>Supplemental Jurisdiction</u>

    "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."    28 U.S.C. § 1367(a).    Because the court has found no basis for asserting original jurisdiction over this case, supplemental jurisdiction would likewise be inappropriate.

III. RECOMMENDATION

    For the foregoing reasons, it is recommended that this action be action be dismissed *sua sponte* for lack of subject matter jurisdiction remanded to the Shelby County Court of General Sessions pursuant to 28 U.S.C. § 1447(c).    It is further recommended that Hickory Forest Apartments' motion to remand be denied as moot.

    Respectfully submitted,

                        s/ Tu M. Pham
                        TU M. PHAM
                        United States Magistrate Judge

                        January 28, 2019
                        Date

- 7 -

## NOTICE

WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.